

FILED IN OPEN COURT
U.S.D.C. - Atlanta

MAY 09 2023

KEVIN P. WEIMER, Clerk
By: *Cam* Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEREMY GRAVES | Criminal Indictment<br><br>No. 1:23CR159 |

THE GRAND JURY CHARGES THAT:

**Counts One through Eleven**

(18 U.S.C. § 1343 – Wire Fraud)

1. Beginning on or about April 4, 2020, and continuing through at least on or about October 14, 2020, in the Northern District of Georgia and elsewhere, the defendant, JEREMY GRAVES, aided and abetted by others unknown to the Grand Jury, with intent to defraud, did knowingly devise and intend to devise a scheme and artifice to defraud, by means of materially false and fraudulent pretenses and representations and by omissions of material fact, well knowing and having reason to know that said pretenses and representations were and would be false and fraudulent when made and caused to be made and that said omissions would be material.

**Background**

At all times relevant to this Indictment:

2. Unemployment Insurance (UI) was a joint state and federal program that provided monetary benefits to eligible beneficiaries. UI payments were intended to provide temporary financial assistance to lawful workers who were

unemployed through no fault of their own. Beginning in or around March 2020, in response to the COVID-19 pandemic, several federal programs expanded UI eligibility and increased UI benefits, including the Pandemic Unemployment Assistance Program, Federal Pandemic Unemployment Compensation, and the Lost Wages Assistance Program.

3. In the State of Georgia, the Georgia Department of Labor (GA-DOL) administered the UI program. Those seeking UI benefits submitted online applications. Applicants had to answer specific questions to establish eligibility to receive UI benefits, including their name, Social Security Number (SSN), and mailing address, among other things. Applicants also had to self-certify that they met a COVID-19-related reason for being unemployed, partially employed, or unable to work. The GA-DOL relied on the information in the application to determine UI benefits eligibility. Once an application was approved, unemployment benefits were most often issued either through a direct deposit into a designated account or a transfer to a pre-paid debit card.

4. In the State of California, the Employment Development Department (CA-EDD) administered the UI program. Those seeking UI benefits submitted online applications. Applicants had to answer specific questions to establish eligibility to receive UI benefits, including their name, SSN, and mailing address, among other things. Applicants also had to self-certify that they met a COVID-19-related reason for being unemployed, partially employed, or unable to work. The CA-EDD relied on the information in the application to determine UI benefits eligibility. Once an application was approved, unemployment benefits

were most often issued either through a direct deposit into a designated account or a transfer to a pre-paid debit card.

5. In the state of Nevada, the Department of Employment, Training and Rehabilitation (NV-DETR) administered the UI program. Those seeking UI benefits submitted online applications. Applicants had to answer specific questions to establish eligibility to receive UI benefits, including their name, SSN, and mailing address, among other things. Applicants also had to self-certify that they met a COVID-19-related reason for being unemployed, partially employed, or unable to work. The NV-DETR relied on the information in the application to determine UI benefits eligibility. Once an application was approved, unemployment benefits were most often issued either through a direct deposit into a designated account or a transfer to a pre-paid debit card.

6. In the state of Arizona, the Department of Economic Security (AZ-DES) administered the UI program. Those seeking UI benefits submitted online applications. Applicants had to answer specific questions to establish eligibility to receive UI benefits, including their name, SSN, and mailing address, among other things. Applicants also had to self-certify that they met a COVID-19-related reason for being unemployed, partially employed, or unable to work. The AZ-DES relied on the information in the application to determine UI benefits eligibility. Once an application was approved, unemployment benefits were most often issued either through a direct deposit into a designated account or a transfer to a pre-paid debit card.

7. In the state of Maryland, the Maryland Department of Labor (MD-DOL) administered the UI program. Those seeking UI benefits submitted online applications. Applicants had to answer specific questions to establish eligibility to receive UI benefits, including their name, SSN, and mailing address, among other things. Applicants also had to self-certify that they met a COVID-19-related reason for being unemployed, partially employed, or unable to work. The MD-DOL relied on the information in the application to determine UI benefits eligibility. Once an application was approved, unemployment benefits were most often issued either through a direct deposit into a designated account or a transfer to a pre-paid debit card.

## Scheme and Artifice to Defraud

8. As part of the scheme and artifice to defraud, defendant GRAVES obtained personally identifiable information belonging to victims and then filed fraudulent claims for unemployment benefits using victims' information.

9. To obtain unemployment benefits that he was not entitled to receive, defendant GRAVES acquired the names of other persons, their dates of birth, SSNs, and other personally identifiable information.

10. Using this information, defendant GRAVES electronically submitted applications for unemployment benefits to GA-DOL, CA-EDD, MD-DOL, NV-DETR, and AZ-DES.

11. The fraudulent applications for unemployment benefits that defendant GRAVES submitted included addresses in the Northern District of Georgia that

were then used as mailing addresses to receive debit cards onto which unemployment benefits were deposited.

### Execution of the Scheme

12. On or about the dates set forth below, in the Northern District of Georgia, the defendant, JEREMY GRAVES, aided and abetted by others unknown to the Grand Jury, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, caused to be transmitted by means of a wire communication in interstate commerce the following wire transmissions described below:

| COUNT | DATE (ON OR ABOUT) | WIRE COMMUNICATION |
|---|---|---|
| 1 | June 29, 2020 | Submitted an online application to MD-DOL for unemployment benefits in the name R.T. |
| 2 | June 30, 2020 | Submitted an online application to MD-DOL for unemployment benefits in the name D.G. |
| 3 | June 30, 2020 | Submitted an online application to MD-DOL for unemployment benefits in the name B.S. |
| 4 | July 4, 2020 | Submitted an online application to GA-DOL for unemployment benefits in the name P.R. |
| 5 | July 6, 2020 | Submitted an online application to GA-DOL for unemployment benefits in the name J.W. |
| 6 | July 10, 2020 | Submitted an online application to GA-DOL for unemployment benefits in the name M.M. |
| 7 | July 10, 2020 | Submitted an online application to GA-DOL for unemployment benefits in the name D.M. |
| 8 | July 11, 2020 | Submitted an online application to GA-DOL for unemployment benefits in the name E.C. |
| 9 | July 12, 2020 | Submitted an online application to GA-DOL for unemployment benefits in the name A.M. |

| COUNT | DATE (ON OR ABOUT) | WIRE COMMUNICATION |
|---|---|---|
| 10 | July 13, 2020 | Submitted an online application to GA-DOL for unemployment benefits in the name F.M. |
| 11 | July 15, 2020 | Submitted an online application to NV-DETR for unemployment benefits in the name D.B. |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

**Counts Twelve through Nineteen**
(18 U.S.C. § 1028A – Aggravated Identity Theft)

13. The Grand Jury re-alleges and incorporates by reference the factual allegations set forth in paragraphs 2 through 11, as if fully set forth herein.

14. On or about the dates set forth below, the defendant, JEREMY GRAVES, aided and abetted by others unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the SSN and date of birth of the victim identified below, during and in relation to committing the felony violation identified below.

| COUNT | DATE (ON OR ABOUT) | VICTIM | FELONY VIOLATION |
|---|---|---|---|
| 12 | June 29, 2020 | R.T. | Wire Fraud as alleged in Count 1 of this Indictment |
| 13 | June 30, 2020 | B.S. | Wire Fraud as alleged in Count 3 of this Indictment |
| 14 | July 6, 2020 | J.W. | Wire Fraud as alleged in Count 5 of this Indictment |
| 15 | July 10, 2020 | M.M. | Wire Fraud as alleged in Count 6 of this Indictment |
| 16 | July 11, 2020 | E.C. | Wire Fraud as alleged in Count 8 of this Indictment |

| COUNT | DATE (ON OR ABOUT) | VICTIM | FELONY VIOLATION |
|---|---|---|---|
| 17 | July 12, 2020 | A.M. | Wire Fraud as alleged in Count 9 of this Indictment |
| 18 | July 13, 2020 | F.M. | Wire Fraud as alleged in Count 10 of this Indictment |
| 19 | July 15, 2020 | D.B. | Wire Fraud as alleged in Count 11 of this Indictment |

All in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

**Counts Twenty through Twenty-Six**
(18 U.S.C. § 641 – Theft of Government Funds)

15. The Grand Jury re-alleges and incorporates by reference the factual allegations set forth in paragraphs 2 through 11, as if fully set forth herein.

16. On or about the date ranges set forth below, in the Northern District of Georgia, the defendant, JEREMY GRAVES, aided and abetted by others unknown to the Grand Jury, did embezzle, steal, purloin, and knowingly convert to his own use and the use of another, money and things of value of the United States, namely, funds, in the amounts listed below, administered by the U.S. Department of Labor in the form of unemployment benefits in the names of the persons whose initials are listed below, which were deposited onto the debit cards identified below, on a weekly basis beginning and ending or about the dates identified below, which funds GRAVES was not entitled to receive:

| COUNT | DATES (ON OR ABOUT) | PERSON | TOTAL AMOUNT RECEIVED | DEBIT CARD |
|---|---|---|---|---|
| 20 | July 22, 2020 – December 8, 2020 | P.R. | $21,633.00 | Way2Go debit card ending 5455 |
| 21 | August 6, 2020 – December 12, 2020 | J.W. | $21,033.00 | Way2Go debit card ending 9915 |
| 22 | July 22, 2020 – December 12, 2020 | M.M. | $21,633.00 | Way2Go debit card ending 0434 |
| 23 | July 21, 2020 – December 12, 2020 | D.M. | $21,828.00 | Way2Go debit card ending 9493 |
| 24 | August 7, 2020 – December 15, 2020 | E.C. | $21,633.00 | Way2Go debit card ending 8033 |
| 25 | August 11, 2020 – February 3, 2021 | A.M. | $24,288.00 | Way2Go debit card ending 8952 |
| 26 | August 11, 2020 – December 12, 2020 | F.M. | $21,828.00 | Way2Go debit card ending 7988 |

All in violation of Title 18, United States Code, Section 641 and Section 2.

## Forfeiture

17. Upon conviction of one or more of the offenses in Counts One through Eleven and Twenty through Twenty-Six of this Indictment, the defendant, JEREMY GRAVES, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from

8

proceeds traceable to offense, including but not limited to, a personal money judgment equal to the amount of proceeds obtained as a result of the offense(s).

18. If any of the above-described forfeitable property, as a result of any act or omission of the defendant, JEREMY GRAVES:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States intends to seek forfeiture of any other property of said

defendant up to the value of the forfeitable property, pursuant to Title 21, United States Code, Section 853(p); as incorporated by Title 28, United States Code, Section 2461(c).

A ___True___ BILL

___/s/___
FOREPERSON

RYAN K. BUCHANAN
 *United States Attorney*

*/s/ Diane C. Sch*
DIANE C. SCHULMAN
 *Special Assistant United States Attorney*
Georgia Bar No. 497764

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

10